1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCSICO DIVISION**

11   CENTER FOR BIOLOGICAL DIVERSITY,        CASE NO.  09-cv-02578-CRB__
     and PETER GALVIN
12
          Plaintiffs,                        **CONSENT DECREE AND [PROPOSED]**
13                                            **ORDER**
                        v.
14
     KENNETH L. SALAZAR, Secretary, United
15   States Department of the Interior, U.S. FISH
     AND WILDLIFE SERVICE,
16
          Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

1    Plaintiffs, Center for Biological Diversity and Peter Galvin, and Defendants, Kenneth L.

2    Salazar, Secretary, United States Department of the Interior and the United States Fish and

3    Wildlife Service ("FWS"), by and through their undersigned counsel, state as follows.

4    WHEREAS, FWS, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et*

5    *seq.*, determined that the following twenty-five foreign bird species warrant ESA listing (73 Fed.

6    Reg. 44602 (July 29, 2008)) ("Twenty-Five Species"):

7        1.  Blue-billed curassow, *Crax alberti*;
8        2.  Gorgeted woodquail, *Odontophorus strophium*;
    3.  Cauca guan, *Penelope perspicax*;
9        4.  Brown banded antpitta, *Grallaria milleri*;
    5.  Southeastern rufous-vented ground cuckoo, *Neomorphus geoffroyi*;
10       6.  Margaretta's hermit, *Phaethornis malaris margarettae*;
    7.  Black-hooded antwren, *Formicivora erythronotos*;
11       8.  Fringe-backed fire-eye, *Pyriglena atra*;
    9.  Esmeraldas woodstar, *Acestrura antpitta*;
12       10. Kaempfer's tody-tyrant, *Hemitriccus kaempferi*;
13       11. Cherry-throated tanager, *Nemosia rourei*;
    12. Brazilian merganser, *Mergus octosetaceus*.
14       13. Salmon-crested cockatoo, *Cacatua moluceensis*;
    14. Junin flightless grebe, *Podiceps taczanowskii*;
15       15. Junin rail, *Laterallus tuerosi*;
16       16. Royal cinclodes, *Cinclodes aricomae*;
    17. White browed tit spinetail, *Leptasthenura xenothorax*;
17       18. Ash-breasted tit-tyrant, *Anairetes alpinus;*
    19. Peruvian plantcutter, *Phytotoma raimondii*;
18       20. Eiao Polynesian warbler, *Acrocephalus caffer aquilonis*;
19       21. Marquesan imperial pigeon, *Ducula galeata*;
    22. Greater adjutant stork, *Leptoptilos dubius*;
20       23. Cantabrian capercaillie, *Tetrao urogallus cantabricus*;
    24. Jerdon's courser, *Rhinoptilus bitorquatus*;
21       25. Slender-billed curlew, *Numenius tenuirostris*;

22   WHEREAS, FWS published proposed listing rules for the following six foreign bird

23   species (72 Fed. Reg. 71298 (December 17, 2007)) ("Six Species"):

24       1.  Chatham petrel, *Pterodroma axillaris*;
25       2.  Fiji petrel, *Pterodroma macgillivrayi*;
    3.  Magenta petrel, *Pterodroma magentae*.
26       4.  Cook's petrel, *Pterodroma cookii*;
    5.  Galapagos petrel, *Pterodroma phaeopygia*; and
27       6.  Heinroth's shearwater, *Puffinus heinrothi*;
28

1     WHEREAS, on June 10, 2009, Plaintiffs filed a Complaint for declaratory and injunctive

2 relief (Doc. No. 1 (June 10, 2009)), pursuant to the ESA, 16 U.S.C. § 1540(g)(1)(c) challenging

3 FWS's alleged failure to (i) promptly publish listing proposals for the Twenty-Five Species; and

4 (ii) make a final determination on its proposed rules for the Six Species;

5     WHEREAS, Plaintiffs and Defendants, through their authorized representatives, and

6 without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs'

7 claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable

8 resolution of the disputes set forth in Plaintiffs' Complaint;

9     WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner

10 is in the public interest and is an appropriate way to resolve the dispute between them;

11     NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS

12 FOLLOWS:

13     1.     FWS shall submit to the *Federal Register* the proposed listing rules on the

14 Twenty-Five Species, and final determinations regarding the proposed listing rules on the Six

15 Species, pursuant to the following schedule:

16          a.     By June 30, 2009, FWS shall submit to the *Federal Register* the proposed

17 listing rules for the (i) Blue-billed curassow, *Crax alberti*; (ii) Gorgeted woodquail,

18 *Odontophorus strophium*; (iii) Cauca guan, *Penelope perspicax*; and (iv) Brown banded antpitta,

19 *Grallaria milleri*.

20          b.     By July 31, 2009, FWS shall submit to the *Federal Register* the proposed

21 listing rules for the (i) Southeastern rufous-vented ground cuckoo, *Neomorphus geoffroyi*;

22 (ii) Margaretta's hermit, *Phaethornis malaris margarettae*; (iii) Black-hooded antwren,

23 *Formicivora erythronotos*; (iv) Fringe-backed fire-eye, *Pyriglena atra*; (v) Esmeraldas woodstar,

24 *Acestrura antpitta*; (vi) Kaempfer's tody-tyrant, *Hemitriccus kaempferi*; (vii) Cherry-throated

25 tanager, *Nemosia rourei*; and (viii) Brazilian merganser, *Mergus octosetaceus*.

26          c.     By October 30, 2009, FWS shall submit to the *Federal Register* the

27 proposed listing rule for the Salmon-crested cockatoo, *Cacatua moluceensis*.

28

d.      By December 29, 2009, FWS shall submit to the *Federal Register* the proposed listing rules for the (i) Junin flightless grebe, *Podiceps taczanowskii*; (ii) Junin rail, *Laterallus tuerosi*; (iii) Royal cinclodes, *Cinclodes aricomae*; (iv) White browed tit spinetail, *Leptasthenura xenothorax*; (v) Ash-breasted tit-tyrant, *Anairetes alpinus*; (vi) Peruvian plantcutter, *Phytotoma raimondii*; (vii) Eiao Polynesian warbler, *Acrocephalus caffer aquilonis*. (viii) Marquesan imperial pigeon, *Ducula galeata*; (ix) Greater adjutant stork, *Leptoptilos dubius*; (x) Cantabrian capercaillie, *Tetrao urogallus cantabricus*; (xi) Jerdon's courser, *Rhinoptilus bitorquatus*; and (xii) Slender-billed curlew, *Numenius tenuirostris*.

e.      By September 30, 2009, FWS shall submit to the *Federal Register* final determinations on the proposed listing rules for the (i) Chatham petrel, *Pterodroma axillaris*; (ii) Fiji petrel, *Pterodroma macgillivrayi*; and (iii) Magenta petrel, *Pterodroma magentae*.

f.      By December 29, 2009, FWS shall submit to the *Federal Register* final determinations on the proposed listing rules for the (i) Cook's petrel, *Pterodroma cookii*; (ii) Galapagos petrel, *Pterodroma phaeopygia*; and (iii) Heinroth's shearwater, *Puffinus heinrothi*.

The deadlines in Paragraph 1 may be modified in accordance with Paragraphs 2 and 3 of this Agreement.

2.      Either party may seek to modify the deadline for any actions specified in Paragraph 1 of this Agreement for good cause shown.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

3.      The Order entering this Agreement may be modified upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking

1   enforcement, shall provide the other party with notice of the matter.  The parties agree that they

2   will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to

3   resolve the matter before bringing it to the Court.  If the parties are unable to resolve the matter

4   to their mutual satisfaction, either party may bring the claim to the Court.

5         4.      Except as otherwise provided in Paragraph 3, should FWS violate any of the

6   terms of this Agreement, Plaintiffs' first remedy shall be a motion to enforce the terms of this

7   Agreement.  This Agreement shall not, in the first instance, be enforceable through a proceeding

8   for contempt of court.  However, this Agreement does not affect the availability of remedies,

9   including contempt, should FWS fail to comply with Court orders issued, subsequent to missed

10  deadlines, by the Court regarding the schedule of events to which the parties have agreed.

11        5.      This Agreement only requires the Defendants to take action by the deadline

12  specified in Paragraph 1 and does not limit the FWS's authority with regard to the substantive

13  outcome of any listing determinations.  To challenge any petition finding issued in accordance

14  with this Agreement, Plaintiffs will be required to file a separate action.  Plaintiffs do not waive

15  their ability to challenge substantive decisions made by the Defendants pursuant to Paragraph 1,

16  above, and Defendants do not waive any applicable claims or defenses.

17        6.      No party shall use this Agreement or the terms herein in any other proceeding

18  regarding FWS's implementation of the ESA as evidence of what does or does not constitute a

19  reasonable timeline for submitting to the *Federal Register* proposed listing rules or final

20  determinations regarding proposed listing rules under 16 U.S.C. § 1533.

21        7.      No provision of this Agreement shall be interpreted as, or constitute, a

22  commitment or requirement that Defendants take action in contravention of the ESA, the APA,

23  or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall

24  be construed to limit or modify the discretion accorded to FWS by the ESA, the APA, or general

25  principles of administrative law with respect to the procedures to be followed in making any

26  determination required herein, or as to the substance of any final determination.

27        8.      No provision of this Agreement shall be interpreted as, or constitute, a

28  commitment or requirement that FWS is obligated to spend funds in violation of the Anti-

1    Deficiency Act, 31 U.S.C. § 1341.  Plaintiffs assert that this Agreement does not create a conflict

2    with the Anti-Deficiency Act because the duty to submit to the *Federal Register* proposed listing

3    rules and the duty to submit to the *Federal Register* final determinations regarding proposed

4    listing rules are both required in non-discretionary terms by the ESA and because the Anti-

5    Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement.

6        9.    Defendants agree that Plaintiffs are entitled to an award of attorneys' fees and

7    costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree

8    to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for

9    a total of $3010.50.  A check will be made payable in that amount to the Center for Biological

10   Diversity, and mailed to Plaintiffs' undersigned counsel, Jaclyn Lopez, at 351 California St.,

11   Suite 600, San Francisco, California 94104.  Defendants agree to submit all necessary paperwork

12   for the processing of the attorneys' fee award to the Department of the Treasury's Judgment

13   Fund Office, pursuant to 16 U.S.C.

14   § 1540(g)(4), within ten (10) business days of receipt of the court order approving this

15   Agreement.

16       10.    Plaintiffs agree to accept payment of $3010.50 in full satisfaction of any and all

17   claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-

18   captioned litigation, through and including the date of this Agreement.  Plaintiffs agree that

19   receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for

20   attorneys' fees and costs in this matter, through and including the date of this Agreement.

21       11.    The parties agree that Plaintiffs reserve the right to seek additional fees and costs

22   incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to

23   modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation

24   of this action.

25       12.    By this agreement, Defendants do not waive any right to contest fees claimed by

26   Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation

27   of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential

28   value and shall not be used as evidence in any other attorneys' fees litigation.

13.     The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement, Plaintiff and Defendants do not waive any claim or defense.

14.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16.     Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint, namely those related to the proposed listing rules on the Twenty-Five Species, and final determinations regarding the proposed listing rules on the Six Species, shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

17.     The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiffs' claims set forth in the above-captioned case, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

18.     Upon approval of this Agreement by the Court, Plaintiffs' Claims for Relief shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).


Dated this 12th day of June, 2009                     Respectfully Submitted,

                                                      _/s/ Jacyln Lopez_
                                                      JUSTIN AUGUSTINE (Cal. Bar No. 235561)
                                                      JACLYN LOPEZ (Cal Bar No. 258589)
                                                      CENTER FOR BIOLOGICAL DIVERSITY
                                                      San Francisco Bay Area Office
                                                      351 California St., Suite 600
                                                      San Francisco, CA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tel: 415-436-9682
Fax: 415-436-9683
Emails:  jaugustine@biologicaldiversity.org
jlopez@biologicaldiversity.org
Attorneys for Plaintiffs

JOHN C. CRUDEN, Acting Assistant
Attorney General
JEAN E. WILLIAMS, Section Chief

 _/s/ Bradley H. Oliphant_
BRADLEY H. OLIPHANT, Trial Attorney
(Cal. Bar No. 216468)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0500
Fax: (202) 305-0275
Email: bradley.oliphant@usdoj.gov
Attorney for Federal Defendants

1

# [PROPOSED] ORDER

2

The terms and conditions of this Consent Decress are hereby adopted as an enforceable

3

ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

4

It is so ordered.

5

6

Dated: this___15th_____ day of _____June_____, 2009.

7

8

_____
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and PETER GALVIN | CASE NO.  09-cv-02578-CRB _____ |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| KENNETH L. SALAZAR, Secretary, United States Department of the Interior, U.S. FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

I hereby certify that on June 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

/s/ Bradley H. Oliphant
BRADLEY H. OLIPHANT

CoS                                                                                           09-cv-02578